UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SYLVIA BLACKWELL,
                Plaintiff,

                              **Hon. Hugh B. Scott**

                v.

                              06CV860S

                              **Report**

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL     **&**
SECURITY,                                                **Recommendation**

                Defendant.

       Before the Court is plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Docket No. 9[1]), in the amount of $5,342.35 ($2,838.10 for the initial work, Docket No. 9, and $2,504.25 for work on the reply for this motion, Docket No. 13) plus $350.00 in filing fees.  The issues here are (1) whether the fee award should be paid directly to plaintiff's counsel or to plaintiff herself and (2) is plaintiff entitled to recover the attorney's fees associated with her reply papers.

                                            **BACKGROUND**

       Plaintiff filed a Complaint (Docket No. 1) seeking to reverse the administrative finding that she was not disabled for purposes of Social Security benefits.  This case was referred to the

---

[1] In support of this motion, plaintiff filed her motion, her attorney's declaration, memorandum of law, Docket No. 9, Reply, Docket No. 13.  The Court, nunc pro tunc, granted leave to plaintiff to file an oversize reply brief, Docket No. 16; see Docket No. 15, Pl. Consent Motion for leave.
       In opposition, defendant Commissioner filed his opposition memorandum, Docket No. 10, and reply, Docket No. 18.

undersigned on January 26, 2007 (Docket No. 4). Defendant Commissioner answered on March 8, 2007 (Docket No. 5). The parties then entered into a stipulation to have her application remanded to the Commissioner and that was so ordered by Judge Elfvin (Docket No. 7), with entry of Judgment for remand on June 14, 2007 (Docket No. 8).

On July 16, 2007, plaintiff filed her present fee application motion (Docket No. 9). In the Notice of Motion, counsel for plaintiff sought payment of the attorney's fees to him (id.). Plaintiff argues that she was the prevailing party and filed a timely EAJA fee application (id. Pl. Motion at 2) and denies that defendant has substantial justification to oppose her fee application (id. at 3). She argues that she is entitled to a rate of $166.95 per hour due to cost of living justifying exceeding the statutory limit of $125 per hour (id.; Docket No. 9, Pl. Memo. at 3-4). Plaintiff cites that her counsel performed 17 hours of work and claims an attorney fee of $2,838.10, as well as $350 in filing fees (Docket No. 9, Pl. Motion at 3; Docket No. 9, Pl. Atty. Decl. ¶¶ 3, 6, 9). Elsewhere in her motion plaintiff did not specify to whom the fees should be paid (cf. Docket No. 10, Def. Memo. at 7 (noting that plaintiff declares in her motion that she is the prevailing party)), stating in the Motion that "this Court should approve plaintiff's application for fees" (Docket No. 9, Pl. Motion at 3, emphasis added), and concluding in her legal Memorandum that "plaintiff respectfully requests the Court to grant this application for attorney's fees" (id. Pl. Memo. at 5).

In response (Docket No. 10, Def. Memo.), defendant does not contest the fee or cost amounts claimed; rather, he argues that the attorney's fee award should be payable to plaintiff and not to her counsel directly (id. at 1-2). Under the EAJA, the award of costs and attorney's fees may be awarded to the prevailing party, here the plaintiff, and not to her attorney (id. at 2-3),

2

see 28 U.S.C. § 2412(a), (b).  He contends that the attorney for the prevailing party is not the "prevailing party" itself, distinguishing counsel from the party as one of the service providers that the party may be reimbursed for under the EAJA, see 28 U.S.C. § 2412(d)(1)(B) (id. at 3). Defendant cites to analogous 42 U.S.C. § 1988 and other fee shifting case law which also distinguishes the client from the attorney as the "prevailing party" to be awarded fees (id. at 4, citing Venegas v. Mitchell, 495 U.S. 82, 87 (1990); Evans v. Jeff D., 475 U.S. 717 (1986)).  He also cites Second Circuit cases in various fee shifting circumstances which held that the fee award belongs to the claimant and not the attorney, (id. at 5-6, citing, e.g. Eustache v. Secretary of Health & Human Servs., 601 F. Supp. 176, 178 (E.D.N.Y. 1983); Tripodi v. Heckler, 100 F.R.D. 736, 740 (E.D.N.Y. 1984) (awarding plaintiff EAJA fees); Oguachuba v. INS, 706 F.2d 93 (2d Cir. 1983)).

In reply, plaintiff argues that defendant selectively reads the EAJA and ignores the savings clause for that act which dealt with attorneys receiving fees for the same work under 42 U.S.C. § 406(b) and in the EAJA that the claimant's attorney refunds to claimant the amount of the smaller fee, Pub. L. No. 96-481, § 206(b), as amended by Pub. L. No. 99-80, § 3 (1985) (Docket No. 13, Pl. Reply at 4 & n.2).  From the refund cited therein, plaintiff concludes that her attorney should receive the fee directly.  To plaintiff, any other interpretation of EAJA would be "absurd" (id. at 5).  Plaintiff cites an unpublished opinion from the United States Court of Appeals for the Sixth Circuit which held that EAJA attorney's fees are payable to the attorney and that the prevailing client cannot keep the award, King v. Commissioner of Soc. Sec., 230 Fed. Appx. 476, 480 (6th Cir. 2007) (id. at 6).  She distinguishes the cases cited by defendant since none of them dealt with the issue of who received payment of the fee (id. at 7-11).  Plaintiff

argues that the defendant's position is one being taken nationally to allow the federal government to seize EAJA fees as part of resolving other federal debts owed by prevailing parties (id. at 11), hence never allowing the attorney to receive payment for services rendered under the fee award when the client also owes the federal government.  Plaintiff then cites to other fee-shifting cases in which courts held that the awards should go to counsel (id. at 12-13).  She does not allege, however, that she has pending any federal debts that may jeopardize the fee award from going ultimately to counsel.

Plaintiff concludes that she is entitled to the additional attorney's fees incurred in making this reply, noting the novelty and complexity of the issue raised in defendant's response (id. at 13-14).  She now seeks an additional $2,504.25 for 15 hours of work on this reply at $166.95 per hour rate (id. at 15).

In response to plaintiff's reply, defendant states that he is willing to delivering the fee award into counsel's custody, or directly to counsel upon plaintiff's execution of a valid assignment of fees (Docket No. 18, Def. Reply Memo. at 2 n.1, see also id. at 8 n.4).  While the position of seeking to award fees to the client rather than counsel is a deviation from past Social Security Administration practices, it is a position consistently taken nationally by defendant (id. at 2).  Defendant reasserts that the award should go to the prevailing party, and not the prevailing party's counsel (id. at 3).  The legislative intent of the EAJA was to enable persons or entities to vindicate their constitutional rights while not deterred by the costs of litigation (id. at 5, quoting H.R. Rep. 96-1418, at 5-8 (1980), as reprinted in 1980 U.S.C.C.A.N. 4984, 4984).  As for plaintiff's argument that the risk of federal government offset if paid to plaintiff directly would render an absurd result under the EAJA, defendant argues that EAJA intends to reimburse

litigants who incurred legal expenses to vindicate their rights and for no other purpose and any offset is speculative (id. at 6-8).

*Procedural Posture*

Judge Elfvin ordered responses to this motion originally to be due on August 27, 2007, with any replies due on September 4, 2007, and the motion submitted on the papers (Docket entry, July 18, 2007). Parties then moved for extensions of time for briefing this motion (Docket Nos. 11, 14). The fee motion and the first extension motion were referred to the undersigned (see Docket entry Sept. 13, 2007) before the retirement of Judge Elfvin. The extension motions were granted, with responses due by September 28, 2007 (Docket No. 12), and replies ultimately due by October 19, 2007 (Docket No. 16). Leave was granted for plaintiff to file an oversize reply memorandum (id.). This case was reassigned to Judge William Skretny upon Judge Elfvin's retirement (Docket No. 17).

**DISCUSSION**

I.      Magistrate Judge Jurisdiction

Some courts have held that Magistrate Judges lack jurisdiction to order payment of Equal Access to Justice Act fees, finding that such an Order would be dispositive (as to the relief of awarding attorneys' fees), Rajaratnam v. Moyer, 47 F.3d 922, 923-24 (7th Cir. 1995); Weatherly v. Secretary of Health & Human Servs., 654 F. Supp. 96, 97 (E.D. Mich. 1987). Still other courts have allowed Magistrate Judges to render a Report & Recommendation setting the fee rate for an EAJA application, see Cook v. Barnhart, 246 F. Supp. 2d 908 (E.D. Tenn. 2003).

This motion was referred to the undersigned and will be considered here in a Report & Recommendation. Ultimate disposition of this motion will be by Judge Skretny either upon

objections to this Report or upon inaction of the parties and adoption of the Report by Judge Skretny.

II.     Equal Access to Justice Act

    A.     Who Is Entitled to Payment of Award?

The Equal Access to Justice Act states that the "court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subdivision (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court . . . ," 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The codified version of this act refers to the party seeking the award, id. § 2412(d)(1)(B).

Plaintiff points to a savings clause under the EAJA, Pub. L. No. 96-481, § 206(b), as amended by Pub. L. No. 99-80, § 3 (1985) (Docket No. 13, Pl. Reply at 4 & n.2), not codified in either titles 28 or 42 of the United States Code, which deal with the situation where a claimant recovers her attorney's fees under the EAJA and the Social Security Act, 42 U.S.C. § 406. That clause has the attorney refund the smaller of the Social Security Act or EAJA fee; hence, plaintiff concludes that payment of the EAJA fee would go directly to counsel (id. 4-5). That provision was to prevent a prevailing claimant from double recovery of claimant's attorney's fee for the same work.

In this case, however, plaintiff did not receive a lump sum recovery from Social Security that might have included the attorney's fee under 42 U.S.C. § 406; this case was remanded under stipulation and the Social Security Commissioner has not yet decided plaintiff's remanded application. So, there is no duplicate fee recovery paid to plaintiff's attorney that has to be

accounted for under the EAJA savings clause.  Thus, the only recovery for her expenses to date is under the EAJA.

At issue here is who is the award recipient of EAJA attorneys' fees, the prevailing party or her attorney.  Plaintiff distinguishes the cases defendant cites (for the proposition that only the prevailing party is entitled to fees) by stating that these cases did not deal with who (ultimately) receives payment of the fee award (see Docket No. 13, Pl. Reply at 7-11), separating entitlement to payment from actual receipt.  In Oguachuba v. Immigration and Naturalization Service, 706 F.2d 93 (2d Cir. 1983), the Second Circuit held that EAJA fee awards belonged to the prevailing party.  In finding that the attorney lacked "standing to apply to the public fisc for payment," the court noted that

> "whether an award of attorneys' fees under the Act ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client.  A retainer or similar agreement may provide for payment of counsel as the litigation proceeds, an award of fees reimbursing a client.  Other arrangements may condition part or all of a fee upon the outcome or upon an award by the court,"

id. at 98, 97.  The Oguachuba court would have rejected an attorney's own application for a fee award, but for the fact that appellant appealed from the denial of the fee award in his name, see id. at 98.

Plaintiff distinguishes the right to an award from the right to payment pursuant to an award (see Docket No. 13, Pl. Reply at 12).  This slices the matter too thin.  Entitlement to the fee, before it can be paid out, depends upon whether the person is the prevailing party under the EAJA.  See FDL Techs., Inc. v. United States, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (rejecting argument of attorney entitlement to direct payment of award); Knight v. United States, 982 F.2d

1573, 1583-84 (Fed. Cir. 1993) (same, fee award is made to prevailing party, not to their counsel). Since the prevailing party's counsel cannot directly apply for the fee award, see Oguachuba, supra, 706 F.2d at 97-98, the payment should be made to the prevailing party. What the prevailing party does with the award (either reimbursing herself for fees she already paid or paying her attorney from the award) depends upon the fee arrangement plaintiff entered into with counsel, see FDL Techs., supra, 967 F.2d at 1580 n.1; Oguachuba, supra, 706 F.2d at 97. As defendant suggests (see Docket No. 18, Def. Reply at 2 n.1, 8 n.4), the proceeds from the fee award can be paid to the counsel's custody or plaintiff and her attorney can enter into an assignment of fee agreement. The moving papers do not indicate what arrangements were made in this regard. Plaintiff's counsel here seeks to have the award paid directly to him anticipating a potential collection action against his client and wishes to avoid it by having direct payment of the award to him. Plaintiff's counsel, whose practice area includes Social Security disability cases, can protect his interest in potential fee awards by the way he structures his retainer agreements with clients (prior agreements to counsel having an escrow account for fee awards or assignment provisions within the retainer agreement). This Court should not intrude into the attorney-client relationship by directing payments in the manner sought by plaintiff's counsel.

Plaintiff's counsel argues that the fee award may be lost due to offset for other debts owed by plaintiff to the federal government. Plaintiff has not shown, however, that she is owes such debts to the federal government that may endanger her counsel's ultimate receipt of the fee award by some offset by the government. Thus, once plaintiff receives the fee award, it is between her and her counsel to ensure that whatever outstanding fee amounts are paid.

The intention of the EAJA, like other fee-shifting provisions, is to make the prevailing party whole (or as nearly whole as Congress intends) for her expenses incurred in commencing the litigation. Hence, pro se parties are not awarded attorney's fees, even attorneys proceeding on their own behalf, see Kay v. Ehrler, 499 U.S. 432 (1991) (see also Docket No. 13, Pl. Reply at 13). The EAJA has this Court award the prevailing party her fees and not to her counsel (or presumably to any other service provider plaintiff retained in order for her to prevail in this action, cf. 28 U.S.C. § 2412(d)(1)(B) (prevailing party to produce itemized statement from attorney or expert witness of time expended and rate fees or other expenses were computed)). As a result, plaintiff's motion to have the EAJA fee paid to her counsel should be **denied** and the fee award paid directly to plaintiff as prevailing party.

      B.      Is Plaintiff Entitled to Recover Costs for Her Reply?

At the end of her reply, plaintiff requested additional fees for the costs of filing her reply (Docket No. 13, Pl. Reply at 13-14), see Commissioner, INS v. Jean, 496 U.S. 154, 160 (1990) (awarding fees for litigating issue of fees). She noted the complexity and novelty of the issue and sought almost the same amount of fee for the reply as she did for her counsel's work on this case leading to the stipulated remand; the resulting reply brief was oversized (cf. Docket Nos. 15, 16). Plaintiff, however, did not detail the fifteen hours claimed were expended in writing the reply brief (but cf. Docket No. 13, Pl. Reply at 14), unlike counsel's declaration breaking out the time expended in the case-in-chief (compare Docket No. 9, Pl. Atty. Decl.). Defendant did not address this additional fee application in his response to this reply.

The reply advocated more for plaintiff's counsel's entitlement to the fee rather than advocacy for plaintiff, arguing the issue of whether counsel is paid by the opponent or by the

client from the client's recovery of the fee award from the opponent. This special circumstance would make an award (almost equal to the fee award for the case-in-chief) unjust. Plaintiff's counsel did not submit an itemized statement under § 2412(d)(1)(B) to justify the supplemental fee request, rendering the application ineligible for an award, see Jean, supra, 496 U.S. at 158. The Jean Court focused on the Government's position not being "substantially justified," id. and not on the other elements under the EAJA for a fee award. Here, the real claimant for the reply portion of the fee application is the attorney rather than the client and making this award would be unjust.

## CONCLUSION

For the reasons stated above, plaintiff's application for attorney's fees under the Equal Access to Justice Act (Docket No. 9) should be **granted in part**. Payment of the fees and costs should be made to **the plaintiff** (and not to her counsel) as the prevailing party. Plaintiff is entitled to receive **only** $2,838.10 in attorney's fees leading up to this motion and filing fee costs of $350.00**, and not the costs incurred in creating the reply brief for this motion (the attorney's fee of $2,504.25 sought in that reply)**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 1, 2007