UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SYLVIA BLACKWELL,
                       Plaintiff,

v.                                                **DECISION AND ORDER**
                                                         06-CV-860S

MICHAEL J. ASTRUE,
                       Defendant.

1.    On December 28, 2006, Plaintiff filed a Complaint challenging the Commissioner of Social Security's denial of her application for disability benefits. (Docket No. 1). This case was subsequently referred to the Hon. Hugh B. Scott, United States Magistrate Judge. (Docket No. 4). On June 13, 2007, pursuant to a stipulation of the parties, the Hon. John T. Elfvin, Senior District Court Judge, ordered that the final decision of the Commissioner be reversed and that the matter be remanded for further administrative proceedings. (Docket No. 7). Upon Judge Elfvin's retirement, the case was transferred to this Court.

Presently before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (Docket No. 9). Judge Scott has issued a Report and Recommendation finding that Plaintiff is entitled to an award of attorney's fees, but that the award should be paid directly to Plaintiff rather than Plaintiff's attorney, and further, that the award should not include fees incurred in the filing of Reply papers. (Docket No. 19). Plaintiff has filed timely Objections to Judge Scott's Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3). (Docket No. 20). For the following reasons, this Court accepts Judge Scott's recommendation in part, and rejects it in part.

2. Plaintiff's first objection is that Judge Scott erred in finding that attorney's fees awarded under the EAJA should be paid directly to the Plaintiff, rather than to Plaintiff's attorney. After Judge Scott issued his Report and Recommendation in this case, the Hon. John T. Curtin, Senior District Court Judge, considered the same issue in Garner v. Astrue (2008 WL 2357409, No. 06-CV-769C (W.D.N.Y. June 4, 2008)). Judge Curtin, looking to Congressional intent, concluded that fees under the EAJA should be paid to Plaintiff's attorney:

> [O]ne of the purposes of the EAJA is to remove financial deterrents for those challenging unreasonable government action. This purpose of the EAJA is upheld if attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful and the claimant prevail against the Commissioner. The practice of remitting the fee directly to the plaintiff would certainly discourage the representation by counsel of Social Security claimants, many of whom are burdened with debt as they wait for their cases to be resolved, as there would be no certainty that the fee would not be reduced by an offset. The award of the fee to a prevailing claimant could also provide an unintended windfall to a plaintiff who may not object to a government offset in order to discharge a federal debt with funds intended for the attorney. Not only does this frustrate the remedial purposes of the statute, but places the attorney and client in the untenable position of competing for the attorney fee award.

Garner, 2008 WL 2357409, at *1.

This Court agrees with Judge Curtin's reasoning that awarding fees directly to a plaintiff rather than plaintiff's attorney would thwart the intent of the EAJA by making it difficult, and at times impossible, for attorneys to be compensated for their work in successful Social Security cases. Accordingly, this Court rejects Judge Scott's recommendation in part, and finds that the award of attorney's fees should be paid to Plaintiff's attorney, rather than to Plaintiff.

3. Plaintiff's second objection is that Judge Scott erred in declining to award

fees incurred by Plaintiff in filing Reply papers.  Judge Scott reasoned that an award of fees would be improper under the EAJA because the Reply pertained primarily to Plaintiff's counsel's interest in receiving attorney's fees.  Judge Scott also found that Plaintiff's counsel had failed to submit an itemized statement of time expended on the Reply.  Finding no error in Judge Scott's reasoning, this Court accepts Judge Scott's recommendation in part, and finds that Plaintiff is not entitled to an award of attorney's fees for costs incurred in filing Reply papers in this action.  Furthermore, this Court finds that Plaintiff is not entitled to an award of fees for filing the instant Objections.

      4.     For the foregoing reasons,

IT HEREBY IS ORDERED, that  this Court accepts Judge Scott's Report and Recommendation  (Docket No. 19)  in part, and rejects it in part, consistent with the foregoing Decision and Order.

FURTHER, that Plaintiff's Motion for Attorney's Fees (Docket No. 9) is GRANTED in part, and DENIED in part.

FURTHER, that the award of fees and costs should be paid to Plaintiff's counsel.

FURTHER, that as Judge Scott found, this award should consist only of $2,838.10 in attorney's fees and $350 in filing costs.

      SO ORDERED.

Dated:   September 3, 2008
         Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge